**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


| | |
|---|---|
| **LINDA D. HUDSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No. 10-2287-JAR** |
| **AIH RECEIVABLE MANAGEMENT** ) | |
| **SERVICES,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff Linda Hudson asserts claims against defendant AIH Receivable Management

Services ("RMS") for race, age and sex discrimination under Title VII of the Civil Rights Act of

1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of

1967 ("ADEA") and 42 U.S.C. § 1981 as well as whistle-blower retaliation under Kansas law.

The matter is before the Court on defendant's Motion to Dismiss plaintiff's claim for failure to

state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 5), and plaintiff's Motion for Leave to

File First Amended Complaint (Doc. 9). For the reasons set forth below, the Court denies

defendant's motion to dismiss and grants plaintiff's motion for leave to amend.

To survive a motion to dismiss, a complaint must present factual allegations, assumed to

be true, that "raise a right to relief above the speculative level" and must contain "enough facts to

state a claim to relief that is plausible on its face."[1] Under this standard, "the mere metaphysical

possibility that some plaintiff could prove some set of facts in support of the pleaded claims is

---

[1] *Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[2]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[3]  As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]  Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [5]

Defendant moves to dismiss plaintiff's Complaint on two grounds: 1) the Complaint states that RMS had only thirteen employees, when Title VII and the ADEA define an employer as having twenty or fifteen or more employees, respectively; and 2) plaintiff does not plead sufficient facts under the standard announced by the Supreme Court in *Twombly*.  Plaintiff concedes that defendant is correct on the requisite number of employees, and asserts that she erroneously stated in the Complaint that defendant had thirteen employees because she did not include all individuals on defendant's payroll.  Plaintiff also contends that she has sufficiently plead her claims for discrimination under § 1981 and whistle-blower retaliation, but in an

---

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008).  "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[4]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[5]*Id.*

abundance of caution, will seek leave to amend her Complaint to include specific details of the allegations of discrimination and fraud.

Plaintiff subsequently moved to amend her Complaint on July 9, 2010. Effective December 1, 2009, Rule 15(a) of the Federal Rules of Civil Procedure was amended to permit a plaintiff to amend a pleading as a matter of course within twenty-one days of service of a responsive pleading or motion under Rule 12(b).[6] After twenty-one days, the plaintiff must obtain leave to amend.[7] Plaintiff's motion was filed outside the twenty-one day period. In opposing plaintiff's motion to amend, defendant argues only that plaintiff's motion is untimely and that she does not demonstrate excusable neglect.

Defendant's objection is not well-taken. Rule 15(a) as amended does not require an amended complaint to be filed within twenty-one days; instead, it allows an amended complaint to be filed without leave within twenty-one days of a responsive pleading or a Rule 12(b)(6) motion. If a party seeks to amend after twenty-one days, it may not do so as a matter of course, but only with consent of the opposing party or the court's leave.[8] Rule 15(a) continues to specify that the court "freely give leave when justice so requires."[9] Nonetheless, a court may refuse to grant leave to amend based on, among other things, futility of amendment.[10] A district court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a

---

[6]Fed. R. Civ. P. 15(a)(1)(B).

[7]Fed. R. Civ. P. 15(a)(2).

[8]*Id.*

[9]*Id.*

[10]*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

motion to dismiss or otherwise fails to state a claim.[11]  Leave to allow amendment is within the court's sound discretion.[12]  Because plaintiff's motion states that she seeks to correct the deficiencies pointed out in defendant's motion to dismiss, the Court will grant leave to amend. Accordingly, defendant's motion to dismiss is denied, without prejudice to refile with respect to plaintiff's First Amended Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Leave to File First Amended Complaint (Doc. 9) is GRANTED;

**IT IS FURTHER ORDERED THAT** defendant's Motion to Dismiss (Doc. 5) is DENIED, without prejudice.

**IT IS SO ORDERED.**

Dated: <u>August 19, 2010</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11]*Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

[12]*LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (10th Cir. 1983).