# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LINDA D. HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-2287-JAR-KGG |
| | ) |
| AIH RECEIVABLE MANAGEMENT SERVICES, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Defendants' Motion to Compel (Doc. 30) seeks an order compelling Plaintiff to withdraw objections and submit Answers to Defendant's Request for Production No. 10 as well as Interrogatories Nos. 13 and 14. The document request relates to Plaintiff's résumés for the past five years while the interrogatories relate to statements Plaintiff's counsel may have taken of Defendant's employees. Considering the nature of this employment discrimination case – as well as the broad relevance standard for discovery – the Court **GRANTS** Defendant's motion.

1

**DISCUSSION**

A.   **Timeliness**.

As an initial matter, Plaintiff makes the procedural argument that Defendant's motion was filed three (3) days late and is, therefore, untimely and not to be entertained by the Court.  (Doc. 35, at 1-2.)  Defendant replies that the motion was not untimely and that "Plaintiff's computation of time under this matter is curious at best."  (Doc. 42, at 1-2.)

Even assuming that the motion at issue was untimely, the Court finds that Defendant has established good cause for not filing the motion sooner.  It is undisputed that defense counsel was making efforts to confer with Plaintiff's counsel up to and including Sunday, December 5, 2010 – the day before the present motion was filed.  (*Id*., at 2-3.)  Under these circumstances, the Court finds Defendant's delay in filing its Motion to Compel to be both justified and preferable to filing a potentially unnecessary motion.

B.   **Discovery Requests**.

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).

Discovery requests must be relevant on their face. *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or

3

burdensome"); ***Sonnino v. Univ. of Kan. Hosp. Auth.***, 221 F.R.D. 661, 670-71 (D. Kan. 2004); *see also,* ***Allianz Ins. Co. v. Surface Specialties, Inc.***, No. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D.Kan. Jan. 7, 2005) (internal citation omitted). However, "[w]hen 'relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" ***Dean***, 2002 WL 1377729, at *2 (citing ***Steil v. Humana Kansas City, Inc.***, 197 F.R.D. 442, 445 (D. Kan. 2000)). In this context, the Court will analyze the discovery requests at issue.

1. **Request for Production No. 10 (Plaintiff's résumés).**

This case involves claims of employment discrimination. (*See* Doc. 1.) As such, résumés created by Plaintiff – which summarize her understanding of her job responsibilities and duties with her employers, including Defendant – are clearly relevant on their face. *See* ***MCI Telecommunications Corp.***, 137 F.R.D. at 27 (finding discovery requests "relevant if there is any possibility the information sought may be relevant to the subject matter of the action.") Although the Court understands Plaintiff to believe she has produced any responsive documents in her possession that may exist, the Court overrules her objections to this document request in their entirety. As such, should Plaintiff have any such documents in her possession or find (or create) additional responsive documents in the future, the same are to be produced. To the extent any such documents are contained in the

documents previously produced by Plaintiff (and/or made available for inspection), Plaintiff is directed to identify such responsive documents in accordance with Fed. R. Civ. P. 34(b)(2)(E).  Paradoxically, Plaintiff both objects to the request and simultaneously claims that no such documents exist.  Such an objection is, at best, a waste of counsel and court time and, at worst, obstructive to the discovery process.  This portion of Defendant's motion is, therefore, **GRANTED**.

    **2.     Interrogatories 13 and 14 (witness statements/audio recordings)**.

These two interrogatories seek copies of witness statements of Defendant's employees or representatives (No. 13) and audio recordings of communications with such individuals (No. 14).  While contending she has no responsive information, Plaintiff objects that any such documents would be protected by the attorney-client privilege and/or work product doctrines.  Based on the arguments in her memorandum in opposition, it appears Plaintiff's objections focus on counsel's notes of any such communications or interviews.  (*See generally* Doc. 35.) Further, Plaintiff indicates she has not withheld any responsive documents but rather is preserving the objections should such documents be generated in the future.  (*Id.*)

The Court does not necessarily agree that all statements by the corporate Defendant's employees, agents, and/or representatives constitute statements of the

corporation itself – particularly in regard to employees who have no managerial responsibility and/or cannot act on behalf of Defendant. Fed. R. Civ. P. 26(b)(3)(C). Even so, Plaintiff's responsive memorandum does not raise this issue and the same is deemed waived.

On the topic of whether statements by a party (and/or a representative acting on behalf of a corporate party) are discoverable, Fed. R. Civ. P. 26(b)(3)(C) is fairly clear. If counsel's notes constitute "contemporaneous stenographic . . . recording . . . that recites substantially verbatim the person's oral statement," the same are discoverable. *Id*. In other words, if Plaintiff's counsel interviewed one of Defendant's employees, agents, or representatives, counsel's notes would be discoverable to the extent they merely memorialized what the witness said. To the extent such notes constitute the mental impressions of counsel, that portion of the notes would be protected by the work-product doctrine. To the degree a document constituted a hybrid of counsel's mental impressions and a memorialization of a conversation, the mental impressions are to be redacted and the remainder of the document would be discoverable. Should Plaintiff choose to withhold any documents on the basis of this or any other privilege, Plaintiff's counsel is directed to comply with the requirements of Fed. R. Civ. P. 26(b)(5) and submit a privilege log to opposing counsel. *See* **Sprint Commun. Co. L.P. v. Big River Tele. Co.,**

*LLC*, No. 08-2046-JWL, 2009 WL 2878446, at *1 (D. Kan. Sept. 2, 2009). Contrary to Plaintiff's position, discoverable documents are not limited to those which are signed or recorded." This portion of Defendant's motion is, therefore, **GRANTED**.

Contrary to Plaintiff's protest, Defendant's Motion to Compel the production of documents Plaintiff claims do not exist is no more "frivolous" than Plaintiff's objections to the requests. Plaintiff concedes that such documents may be produced in the future, and his objection – and Defendant's motion – anticipates that development. Again, the Court understands Plaintiff's position that no responsive documents have been withheld from production. To the extent, however, such documents may be found or produced in the future, the same are discoverable.[1]

**C.    Plaintiff's Request for Sanctions**.

Plaintiff argues that Defendant's motion "was not filed in good faith in order to obtain needed discovery that was wrongfully withheld." (Doc. 35, at 7.) Rather, Plaintiff contends that Defendant was aware that no responsive documents existed and merely filed the present motion to increase Plaintiff's litigation costs. (*Id.*, at

---

[1] The Court notes Defendant's concession that "[C]ommunications between Plaintiff's counsel and Plaintiff were never requested, Defendant, of course, does not seek these communications." (Doc. 42, at 6.)

7-8.) Plaintiff thus seeks her reasonable costs incurred in responding to the Motion to Compel. (*Id.*) Because the Court has granted Defendant's motion, Plaintiff's request is **DENIED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery (Doc. 30) is **GRANTED**. Plaintiff's objections are hereby overruled. To the extent relevant documents are found or generated, the same shall be produced forthwith.

Dated at Wichita, Kansas, on this 21st day of January, 2011.

 S/ KENNETH G. GALE
 KENNETH G. GALE
 United States Magistrate Judge