# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LINDA D. HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-2287-JAR-KGG |
| ) | |
| AIH RECEIVABLE MANAGEMENT ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's First Motion to Compel (Doc. 48). The Court has reviewed the parties memoranda, and entertained oral argument concerning these issues. In her motion, Plaintiff requests Court assistance in securing responses to a number of Interrogatories and Requests for Admission. The motion challenges various defense objections to discovery requests and the completeness of other responses.[1] At the hearing, Defendant's officers and its retained

---

[1] Before the hearing on this matter, Plaintiff provided an update to the Court specifying the following discovery requests still at issue: Interrogatories Nos. 1, 2, 6, 9, 10 and 11; and Requests for Production Nos. 16 and 27. The update also specified "in addition" a general dispute regarding ESI. At the hearing, Plaintiff identified as within the ESI dispute Interrogatories Nos. 1, 2, 4, 5, 6, 9, 10 and 12, and Request for Production Nos. 3, 4, 5, 6, 12, 16, 23, 25. Therefore, as to discovery requests identified as only within the ESI dispute, the Court will address only the cost and burden of those requests rather than the broader discovery issues raised in the memoranda.

technician explained further Defendant's electronic storage access challenges.

## A. Electronically Stored Information

Plaintiff complains that Defendant has refused to produce electronically stored information (ESI). As to some of these requests, Defendant admits that it has not responded, but interposes an objection under Fed.R.Civ.P. 26(b)(2)(C)(iii) based on the cost of production, claiming that the financial condition of Defendant should excuse it from bearing the estimated $2,630.00 cost of the computer search necessary to comply with the requests. (*See* Doc. 56-4, consisting of 24 hours of technician time at $95.00 per hour plus $350 for software needed to read some of the archived documents.) Defendant is a small company with 13 employees, and has presented evidence showing that it is not currently profitable.

Under Fed.R.Civ.P. 26(b)(2)(C)(iii), the Court must limit discovery if the expense of the proposed production outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(B) specifically addresses ESI, and provides that a court may limit ESI discovery which is "not reasonably accessible because of undue burden or cost." In that situation, a court may nevertheless order discovery considered necessary under Rule 26(b)(2)(C), but may specify conditions for the discovery. One of these conditions may be shifting the cost of discovery. While

the general rule is that a party should bear the costs of producing discovery, the Court may consider numerous factors to determine whether to shift that cost to the requesting party, including whether the information is stored in an accessible or inaccessible format, and factors including (1) the specificity of the discovery request, (2) the quantity of information available from other and more easily accessed sources, (3) the failure to produce relevant information that seems likely to have existed, (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources, (5) predictions as to the importance and usefulness of the further information, (6) the importance of issues at stake in the litigation and (7) the parties' resources.  Fed.R.Civ.P. 26(b)(2), advisory committee's notes (2006); *see also* **Semsroth v. City of Wichita**, 239 F.R.D. 630 (D. Kan. 2006).

The Court does not find that these discovery requests in this case are appropriate for shifting the cost of discovery to Plaintiff.  Given the probable cost of this litigation, this element of the litigation is not disproportionate to the importance of much of the discovery in resolving the issues.  While Defendant's current income may be in the red, the parties' relative resources are likely not substantially different.  Even so, the Court will evaluate the individual discovery requests at issue to determine whether individual requests carry "undue burden or cost."

Additionally, the Court will allow one option to Defendant which is in the nature of cost shifting. The ESI at issue in the motion was of three types: stored e-mail, stored electronic (word-processing) versions of documents, and employee internet search histories. The parties have reached an agreement concerning documents, and plaintiff has withdrawn her request for internet search histories (Request No. 25). This leaves stored e-mails. The Court is informed that these are stored in two formats. One is a common format which can be reviewed with an e-mail program to which Plaintiff has access. The other format is a data storage format which will require the purchase of additional software to review. Defendant may produce unedited, unreviewed, and unredacted data files of all data in its possession, together with the name of the software needed to read the storage data. Plaintiff may then purchase the software and conduct her own searches. The Court understands that this data may contain unrequested and privileged e-mails, so this option may not be practical. If Defendant wishes to review the data to produce only responsive and unprivileged e-mails, Defendant will bear the cost of the search and the needed software.

While not discussed during the hearing, the Court deduces, based on the memoranda, that the ESI searches also implicate calendar entries on the same software Defendant uses for e-mail. The rulings in this order concerning e-mail also apply to active and archived calendar entries.

The Court will order discovery of e-mail ESI limited to specific topics. The parties are order to confer further to agree to search term strategies designed to efficiently identify documents with the applicable software.

In regard to non-e-mail (and calendar) documents, the parties have agreed that the issue concerns Plaintiff's request to examine the native (ESI) versions of documents which have been (or will be) produced in hard copy.  The parties have agreed that Plaintiff will identify each such document to Defendant, who will produce any native ESI version of the document in its possession.

**B.     Specific Discovery Requests at Issue**.

With this general background, the Court will address the individual discovery requests at issue.

**1.     Request No. 1**.

This request seeks all documents "identified" in Defendant's responses to Plaintiff's interrogatories.   In her motion, Plaintiff complains that documents which should have been identified were not, or that Defendant failed to produce documents which plaintiff deduces defendant must have, or should have, consulted in providing responses.  However, the Court has reviewed Defendant's interrogatory responses, and finds that Defendant did not "identify" any documents therein.  As such, Defendant's failure to produce documents in response to Request No. 1 is entirely appropriate.  The motion is **DENIED** in regard to this discovery

request.

    2.    **Request No. 3**.

This document request asks for a list of diary, notes and calendar-type documents that "mention" Plaintiff. The Court understands that the remaining dispute concerning this request relates to ESI documents only. Defendant objects that the request is overly broad and unduly burdensome. The Court finds that Defendant has not adequately supported these objections. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Therefore, as limited by this ruling, those objections are overruled and Plaintiff's motion is **GRANTED** in regard to this request. Defendant is ordered to conduct an ESI search of active, as well as archived and stored, calendar entries of any manager, supervisor or secretary of Defendant which identify Plaintiff by name (first or last name).

    3.    **Request No. 4**.

This request seeks "documents, writings, recordings or photographs" that "pertain to or reflect any statements of any person or witness pertaining to any claim or allegation made by the plaintiff in this lawsuit." Defendant objects that the request is unduly burdensome and overbroad. Those objections are not

sufficiently supported and are, therefore, overruled.  *Swackhammer*, 225 F.R.D. at 661, 662, 666.  The motion is **GRANTED** in regard to this discovery request and Defendant is ordered to produce all documents, including ESI, described in this request.

Defendant has also objected on the basis of attorney-client privilege and attorney work-product privilege.  To the extent non-ESI documents are implicated within this request, that objection is overruled as waived because of Defendant's failure to produce a privilege log pertaining to this request.  *See* **Moses v. Halstead**, 236 F.R.D. 667, 676 (D.Kan.2006) (overruling objections based on work product doctrine because defendant made only a blanket assertion the privilege applied and did not provide a privilege log or other sufficient description of the documents to enable the court to determine the applicability of the claimed privilege); **Haid v. Wal-Mart Stores, Inc.**, No. 99-4186-RDR, 2001 WL 964102, at *1-*2 (D. Kan. June 25, 2001) (affirming Magistrate Judge's order that defendant waived any privileges by failing to provide a privilege log); **Sonnino v. Univ. of Kan. Hosp. Auth.**, 221 F.R.D. 661, 667-69 (D.Kan.2004) (declining to reconsider its ruling that defendants had waived the attorney-client privilege and work product immunity after they had asserted only general objections and failed to provide the court with a privilege log or other description upon which it could determine that each element of the privilege or immunity had been satisfied).  *See also*,

Fed.R.Civ.P. 26(b)(5). To the extent that such documents are newly discovered by Defendant in its ESI search, it may renew privilege objections provided a compliant and timely privilege log is produced.

4. **Requests Nos. 5, 6, 12**.

This group of requests seek broad categories of documents, many of which duplicate other, more specific requests. The Court understands the remaining dispute concerning this request to be limited to ESI. Because these request are broad, and because the ESI issues are adequately covered by other requests, the motion to compel regarding this request is **DENIED as moot**.

5. **Request No. 16**.

Plaintiff has withdrawn her motion as to this request upon Defendant's representation that all such documents have been produced. This portion of the motion to compel is, therefore, **DENIED as moot**.

6. **Request No. 23**.

This document request asks for written complaints made to Defendant concerning Plaintiff's job performance. The Court understands the remaining dispute concerning this request to be limited to ESI. Plaintiff did not separately brief her claims concerning this request, but listed it orally at the hearing. The motion is **GRANTED** in regard to this discovery request and Defendant is ordered to produce ESI e-mail data that names Plaintiff.

7.  **Request No. 25**.

This request seeks "e-mails and ESI" sent to, received by, or drafted by certain of Defendant's personnel which "mention sex, sexual activity, race, sexual orientation, age, plaintiff and/or the criminal charges filed by the Johnson County Kansas District Attorney's Office . . . ."  This is exclusively an ESI issue and, the Court understands, limited now to the production of stored e-mail.  The Court has reviewed Plaintiff's allegations in the Complaint, which are essentially in these categories:

1.  Claims of racial, age and sexual harassment by co-worker, Travis Joyce.

2.  Claims that supervisors failed to stop the harassment by Mr. Joyce, supported his conduct, and retaliated against Plaintiff for complaining about him; and

3.  Claims that Plaintiff was retaliated against for reporting defendant employees and officials for criminal conduct which resulted in a criminal prosecution.

(*See generally*, Doc. 13.)  The Court finds portions of Request No. 25 to be too broad.  Further, the burden and cost of compliance with the request, as written, outweighs the potential to discover relevant evidence.  Plaintiff's motion is, therefore **GRANTED in part** and **DENIED in part**.

As such, the Court orders Defendant to conduct an ESI search of active and stored e-mails (from 2005 to the present) for the following:

1.   E-mail to or from Plaintiff or that identify her by name;

2.   E-mail to or from employee Travis Joyce or that identify him by name; and

3.   E-mail to or from the three persons named in the request concerning the criminal investigation, charge or case which is the subject of Plaintiff's retaliation claim.

Should Defendant believe that any of the documents found pursuant to the search are subject to a claim of privilege, Defendant is required to produce a compliant and timely privilege log.[2]

**8.   Request No. 27**.

Plaintiff next requests documents or communications given to or received from Defendant's personnel relating to or mentioning the District Attorney's investigation or "what to tell the DA about plaintiff." The Court overrules Defendant's objections that the request is unduly burdensome and overly broad. Defendant objects that some of the requested documents may be in the possession of its counsel or individual employees. Even if Defendant does not actually possess such documents, it is ordered to "produce all responsive documents in its possession, custody, or control." *Pulsecard, Inc. v. Discover Card Services, Inc*., 168 F.R.D. 295, 307 (D.Kan. 1996) (citing Fed.R.Civ.P. 34(a)). It is well-settled

---

[2] Defendant produced a privilege log in this case listing e-mails to and from "attorney." As discussed at the hearing, the privilege log is not compliant with Rule 26(b)(5), and Defendant has been ordered to produce a compliant log.

that "[p]arties may retain the requisite control or custody of documents outside their actual possession." *Id.*; *see also* **Tomlinson v. El Paso Corp**., 245 F.R.D. 474, 477 (D. Colo. 2007) (holding that documents maintained by a third party must be produced by the defendant because defendant would "have, or should have, the authority and ability to obtain the requested data"). This portion of Plaintiff's motion is, therefore, **GRANTED**. Any claims of privilege must be documented in a compliant privilege log. ESI compliant with the request should be produced within the parameters ordered as to Request for Production Number 25. (*See* n.2.)

9. **Interrogatories 1 and 2**.

These interrogatories seek the identity, substance, and other details of persons making complaints about Plaintiff's job performance limited (by subsequent agreement of the parties) to five years from Plaintiff's termination. Defendant's objection that the word "complained" is ambiguous is overruled.

The Court also agrees with Plaintiff that Defendant has failed to organize its response to these interrogatories with the details specified. Plaintiff is entitled, within the constraints of Rule 26, to itemize her request with specified details, and to receive responses which correspond to that structure. If Defendant does not know the requested detail, it need only so state. This portion of Plaintiff's motion is **GRANTED**.

The Court notes that Defendant has provided some documents (*e.g.*,

Plaintiff's personnel file) in response to these interrogatories.  The Court agrees that to the extent a complete answer as to some complaints is evident from reviewing produced business records, the answer need not be repeated in a written response.  (*See* Fed.R.Civ.P. 33(d).)  ESI concerning this request is covered by the search required as to Request for Production No. 25.

 10. **Interrogatory 6**.

The next interrogatory at issue seeks information concerning any investigation into charges that an employee impersonated a debtor, which was the type of conduct allegedly reported by Plaintiff.  This dispute is now limited to the production of information concerning an investigation performed by Defendant's outside counsel.  This portion of Plaintiff's motion is **GRANTED**.  Responsive information is within the control of Defendant and must be produced. ***Pulsecard, Inc.***, 168 F.R.D. at 307; ***Tomlinson v. El Paso Corp***., 245 F.R.D. at 477 (D. Colo. 2007)   Information which is claimed to be privileged must be described in a compliant privilege log.  ESI concerning this request is covered by the search required as to Request for Production No. 25.

 11. **Interrogatory 9**.

The next discovery issue involves Plaintiff's Interrogatory No. 9, which requests details of other instances in which a manager, supervisor or officer of Defendant has been accused of unlawful conduct by an employee, limited by

Plaintiff to the previous five years.  The Court overrules Defendants objections that words used in this request ("accused," "unlawful conduct") are ambiguous, or that this information is not otherwise discoverable.  This portion of Plaintiff's motion is **GRANTED**.  Defendant is ordered to identify all instances in which such accusations have been made.  Defendant is further ordered to then produce ESI (e-mails) which relate to identified instances, and to confer with Plaintiff's counsel concerning search strategies to identify such messages.  However, Defendant is not required to "mine" ESI for unknown instances of such accusations, as the Court finds that the burden of such a search outweighs its potential benefit.

12. **Interrogatory 10**.

This interrogatory seeks specified information concerning other complaints, notices, lawsuits or administrative actions filed against Defendant during the past five years.  The Court sustains Defendant's objection to the category of "violation of state and federal law" as over broad in the sense that it could include a large volume of irrelevant material.  Defendant's objections are otherwise overruled and it is ordered to respond with the requested detail concerning complaints concerning "harassment, discrimination and retaliation" to the extent the claims involved race, gender, sexual harassment, age or retaliation for reporting unlawful conduct.  This portion of Plaintiff's motion is **GRANTED in part** and **DENIED in part**.  Defendant is ordered to produce ESI (e-mails) which relate to identified instances,

and to confer with Plaintiff's counsel concerning search strategies to identify those messages. However, as stated above, Defendant is not required to "mine" ESI for unknown instances of such accusations, as the Court finds that the burden of such a search outweighs its potential benefit.

   **13.   Interrogatory 11**.

Interrogatory No. 11 requests contact information concerning current and former employees. Defendant has provided information regarding former employees only, arguing that it can ethically instruct current employees not to speak to Plaintiff's counsel. *See* Kan.S.Ct.R. 226, Rule 3.4. This an incorrect interpretation of the rule. While Defendant may request that its employees not speak to Plaintiff's counsel, Plaintiff's counsel may nevertheless attempt to do so, provided it is not an employee "who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." Kan.S.Ct.R. 226, Rule 4.2, comment 7. This portion of Plaintiff's motion is **GRANTED**. Defendant is ordered to supplement its answer by providing contact information concerning current employees who do not fall within this exception.

**14.    Miscellaneous issues**.

Plaintiff identified additional interrogatories which it contended were answered incompletely because of Defendant's failure to conduct and ESI search. The Court understands those concerns to be limited at this point to e-mail searches. Answers from ESI relating to Interrogatories 3, 4, 5 and 12 should be satisfied by the Court's order concerning Request for Production No. 25. No additional order is required in regard to this issue.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Compel AIH Receivable Management Services To Search for Electronically Stored Information" (Doc. 48) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 13th day of April, 2011.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge