## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|                                    |     |                        |
|------------------------------------|-----|------------------------|
|                                    | )   |                        |
|                                    | )   |                        |
| **LINDA D. HUDSON,**               | )   |                        |
|                                    | )   |                        |
| **Plaintiff,**                     | )   |                        |
|                                    | )   |                        |
| **v.**                             | )   | **Case No. 10-CV-2287-JAR** |
|                                    | )   |                        |
| **AIH RECEIVABLE MANAGEMENT**      | )   |                        |
| **SERVICES,**                      | )   |                        |
|                                    | )   |                        |
| **Defendant.**                     | )   |                        |
|                                    | )   |                        |
|                                    | )   |                        |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Sanctions and a Finding of Spoliation (Doc. 121). The motion was fully briefed, and on March 14, 2012, the U.S. Magistrate Judge entered a Report and Recommendation (Doc. 139) that recommended granting Plaintiff's request for an inference at trial, but denying the remainder of Plaintiff's motion. This matter is also before the Court on Plaintiff's Motion in Limine (Doc. 143) and Defendant's Motion in Limine (Doc. 146). On April 5, 2012, the Court held a hearing on these matters, along with the parties' objections to witness and exhibit lists, and objections to proposed voir dire.

The Court made the following rulings at the April 5, 2012 hearing:

A. Report and Recommendation (Doc. 139) on Plaintiff's Motion for Sanctions and a Finding of Spoliation (Doc. 121)

The Court adopts the Report and Recommendation, with the clarification that in lieu of granting an adverse inference instruction, the Court will allow Plaintiff to present evidence of Mr. Joyce's deletion of emails. The Court will also allow Plaintiff to submit a request for

attorneys' fees based on her motion.  Therefore, Plaintiff's Motion for Sanctions and a finding of spoliation shall be granted in part and denied in part.

B.  Plaintiff's Motion in Limine (Doc. 143)

1.  Defendant is allowed to admit its 2008 and 2009 tax returns.

2.  Defendant is allowed to refer to AIH as a "family run business."

3.  Any objections to testimony that Plaintiff was difficult to work with must be raised contemporaneously with the questioning of the witness.

4.  The Court sustains Plaintiff's objection to admitting evidence that she has been married four times, divorced three times, and has children fathered by different men.

5.  Any evidence regarding the sexuality of Plaintiff's son must be raised off the record prior to presenting such evidence.  The Court will take Plaintiff's objection to such evidence under advisement pending a request to present such evidence.

6.  Plaintiff's objection to evidence of collateral source payments received by Plaintiff is sustained.

7.  Any request to use evidence of Plaintiff's spouse's civil rights lawsuit as rebuttal must be made off the record prior to offering.

8.  Plaintiff's objection to evidence regarding the findings or documents in her EEOC or KCHR filings is sustained.

9.  Plaintiff's objections to evidence of her motion in limine is sustained.


C.  Objections to Plaintiff's Witness & Exhibit List (Doc. 145)

1.  The objections to Plaintiff's witness, Tom Gottschalk, must be raised off the record prior to

calling the witness.

2.  The objections to exhibits relating to the investigative report from the Johnson County District Attorney's office must be raised off the record prior to offering the exhibit.

3.  The objection to Christine Blake's affidavit is sustained, noting that it may be used to refresh the witness's recollection or to impeach the witness.

4.  The objection to admittance of the Separation Statement attached to Christine Blake's affidavit is sustained, but the Court will revisit the question if Plaintiff shows that such document is a public record.

D.  Defendant's Motion in Limine (Doc. 146)

1.  Evidence, testimony and reports dealing with Travis Joyce's criminal investigation and the Consent Judgment in the Johnson County case are inadmissible under Fed. R. Evid. 408, but the Court will allow testimony that AIH was complicit with Joyce and terminated Plaintiff instead of Joyce.

2.  The Court will allow evidence of Travis Joyce's statements containing sexual elements if they also contain racial elements.  The admissibility of statements that are just sexual in nature will be taken under advisement.

3.  The admissibility of evidence regarding the termination of other employees will be addressed at the time it is offered.

4.  The Court takes under advisement the issue of admissibility of evidence of other instances of sexual or racial discrimination directed at employees other than Plaintiff.

5.  The Court takes under advisement the issue of admissibility of evidence that AIH knew prior to Plaintiff's termination that Plaintiff had filed with the EEOC while she was still employed.

Only witnesses with personal knowledge will be allowed to testify.

6.  The Court will allow evidence of lost future wages, but not present value evidence.

7.  Defendant's objection to evidence regarding its discovery objections is sustained.

8.  Defendant's objection to evidence regarding the assets of Charles Holtgraves, Phil Holtgraves and Lisa Holtgraves is sustained.

9.  Defendant's objections to evidence regarding criminal or civil actions, bankruptcies or debts of any of Defendant's current or former employees is sustained, unless evidence of a felony or crime of dishonesty is used to impeach the witness.  The objection does not apply to the testimony of Travis Joyce discussed previously.

10.  Defendant's objection to admissibility of evidence of its Offer of Judgment or other settlement discussions is sustained.

E.  Plaintiff's Objections to Defendant's Final Witness & Exhibit List (Doc. 142) is moot and therefore denied.

F.  Defendant's Objection to Plaintiff's Proposed Voir Dire (Doc. 158) is denied.

G.  Plaintiff's Objection to Defendant's Proposed Voir Dire (Doc. 162) is denied, however, the Court finds that Defendant should rephrase Question 29.

The Court requested that the parties confer and submit a joint statement of the case for voir dire and a joint set of proposed jury instructions.  If the parties fail to submit a joint statement of the case, the Court will use the statement contained in the Pretrial Order.

**IT IS THEREFORE ORDERED BY THE COURT** that the Report and Recommendation (Doc. 139) shall be ADOPTED, with the clarification that in lieu of an adverse inference instruction Plaintiff will be allowed to present evidence of Mr. Joyce's deletion of

emails.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Sanctions and a Finding of

Spoliation (Doc. 121) shall be GRANTED IN PART and DENIED IN PART, in accordance with

the Report and Recommendation as clarified herein.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion in Limine (Doc. 143) shall be

GRANTED IN PART and DENIED IN PART as set forth in this Memorandum and Order.

Defendant's Motion in Limine (Doc. 146).

**IT IS FURTHER ORDERED THAT** Defendant's Motion in Limine (Doc. 146) shall

be GRANTED IN PART and DENIED IN PART as set forth in this Memorandum and Order.

**IT IS SO ORDERED.**

Dated: April 9, 2012

                                      S/ Julie A. Robinson             
                                     JULIE A. ROBINSON
                                     UNITED STATES DISTRICT JUDGE