**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LINDA D. HUDSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-CV-2287-JAR |
| ) | |
| **AIH RECEIVABLE MANAGEMENT** ) | |
| **SERVICES,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

This Court entered Judgment on April 21, 2012, in the amount of $125,000 in favor of Plaintiff Linda D. Hudson against Defendant AIH following a jury trial.[1] Defendant AIH has filed a Motion for Judgment as a Matter of Law and a Motion for a New Trial.[2] Neither motion is ripe for the Court's review. On May 31, 2012, the Court entered an Order staying execution of Plaintiff's judgment against Defendant AIH pending rulings on AIH's post-trial motions.[3] The Court also ordered the parties to submit their positions regarding adequate security.[4] The parties have filed their responses. This matter is before the Court on Plaintiff's Motion for Supersedeas Bond (Doc. 214).

The Federal Rules of Civil Procedure provide for an automatic stay of execution of a

---

[1] Doc. 190.

[2] Docs. 199 and 201.

[3] Doc. 209.

[4] *Id.*

judgment for fourteen days after entry of the judgment.[5] After the automatic stay, the Court is authorized pursuant to Fed. R. Civ. P. 62(b) to stay the execution of a judgment pending disposition of post-trial motions.[6] That rule states, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceeding to enforce it—pending disposition of [specified post-trial motions]."[7] In Rule 62(b), the conditional "may" applies to the Court's discretion to issue the stay, not the requirement of the appropriate security.

While the Court must consider "adequate terms" for Plaintiff's security in granting the stay, it appears that the appropriate terms need not necessarily include a supersedeas bond.[8] However, if a bond is required, D. Kan. Rule 62.2 provides that:

> A supersedeas bond staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay.[9]

A waiver of the bond requirement may be appropriate: "1) where defendant's ability to pay is so plain that the cost of the bond would be a waste of money; and 2) where the

---

[5] Fed. R. Civ. P. 62(a).

[6] Fed. R. Civ. P. 62(b).

[7] *Id.*

[8] *See Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990); *Fed. Prescription Serv. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759–61 (D.C. Cir. 1980) (affirming trial court's decision to waive the posting of bond noting that judgment debtor had a net worth of more than 47 times the amount of the judgment); *N. Ind. Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986) (district court has discretion to waive $2 million appeal bond as judgment debtor has more than $1 billion net worth and clearly has the ability to pay the judgment).

[9] D. Kan. Rule 62.2.

requirement would put the defendant's other creditors in undue jeopardy."[10] The burden is on the debtor to objectively demonstrate good cause for such a waiver.[11]

Defendant AIH alleges, without explanation, that it is unable to post a supersedeas bond of $156,250.00.[12] AIH asserts that there is no insurance coverage for Plaintiff's claims, it is unable to pay its obligations as they become due, it has negative net worth but limited positive cash flow, two secured creditors have priority on AIH's assets, that Plaintiff will not be made less secure by the passage of time, and that execution will likely render AIH unable to pay its employees and conduct business.

Plaintiff argues that although Defendant's president, Charles Holtgraves, asserts that Holtgraves Family Limited Partnership is a secured creditor of the judgment debtor with priority on AIH's assets, the financing statement was filed on April 6, 2012, the Friday immediately preceding commencement of the trial in this case on April 9, 2012. Plaintiff argues that the creation of a lien in favor of an insider to the debtor on the eve of trial calls into question the debtor's intent to pay its legal obligation to the Plaintiff.

AIH's arguments are similar to those set forth in *Automotive Rentals v. Huber, Inc.*, where the judgment debtor argued that execution of the judgment would have a devastating effect on its ability to continue its business and that "the Court should balance the needs of the

---

[10] *Brooktree Corp.*, 757 F. Supp. at 1104 (citing *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)).

[11] *Meyer v. Christie*, No. 07-2230-CM, 2009 WL 3294001, at *1 (D. Kan. Oct. 13, 2009) (citing *Wilmer v. Bd. of Cnty. Comm'rs of Leavenworth Cnty.*, 844 F. Supp. 1414, 1419 (D. Kan. 1993)).

[12] This amount reflects the $125,000 judgment plus 25%, as set forth in D. Kan. Rule 62.2.

judgment creditor with the needs of the judgment debtor to maintain a viable business."[13]  In *Huber*, the court noted that even though the court has discretion, a bond is normally required.[14]  The court held that the burden was on the judgment debtor to "demonstrate affirmatively that posting a bond or otherwise providing adequate security is impossible or impractical."[15]  The court stated that:

> Huber has not made such a showing.  Its arguments primarily go to the effect of execution on the judgment, which, because Huber is self-insured, may cause a critical shortage of operating funds and possible failure as an ongoing concern.  This does not tend to show that the Plaintiff's interest in the full judgment is secure.  Unfortunately, it tends to show the opposite.  Further, Huber has not shown that it is impossible or impractical for it to post a bond or some other security.[16]

This same reasoning would apply in this case.  Defendant AIH has argued regarding the effect of execution of judgment, which the Court has previously stayed.  However, AIH fails to meet its burden of demonstrating good cause for a waiver of bond or demonstrating affirmatively that posting a bond is impossible or impractical.

After considering the submissions of the parties, the Court concludes that in order to preserve the status quo and safeguard Plaintiff's interest in her judgment, a supersedeas bond shall be required.  In so ruling, the Court notes that the risk of adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal; that is, the post-trial motions will generally be resolved in far less time than an

---

[13]*Auto. Rentals, Inc. v. Huber, Inc.*, No. 1:10CV385-LG-RHW, 2012 WL 526070, at *1 (S.D. Miss. Feb. 16, 2012).

[14]*Id.* (citations omitted).

[15]*Id.* (citation omitted).

[16]*Id*. at *2.

appeal, and therefore, the risk to Plaintiff's security is diminished.  After considering all these facts and circumstances, the Court concludes that the stay of execution entered by the Court shall be conditioned on Defendant AIH posting a supersedeas bond in the amount of the judgment plus 25%, or $156,250.00, pending disposition of the pending post-trial motions.  The Court finds that such a bond will provide adequate security to Plaintiff pending resolution of the post-trial motions, as there will be a bond in place to cover the total amount awarded by the jury.  In so ruling, the Court makes no judgment regarding what bond may be appropriate to obtain a stay pending appeal.[17]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Supersedeas Bond (Doc. 214) is **GRANTED**.

**IT IS FURTHER ORDERED** that the continuation of the current stay of execution shall be conditioned upon Defendant AIH posting a supersedeas bond in the amount of $156,250.00 within three (3) business days of the date of this Order.

**IT IS SO ORDERED.**

Dated: June 13, 2012

                                           S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[17]*See* Fed. R. Civ. P. 62(d); D. Kan. R. 62.2.